**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**BROWNSVILLE DIVISION**

| | | |
|---|---|---|
| **TEKSEK SYSTEMS, LLC[1]**<br>     **Plaintiff,** | §<br>§<br>§ | |
| **v.** | §<br>§ | **CASE NO. 1:25-cv-00147** |
| **BERKSHIRE HATHAWAY DIRECT**<br>**INSURANCE COMPANY,**<br>     **Defendant.** | §<br>§<br>§<br>§ | |

**DEFENDANT BERKSHIRE HATHAWAY DIRECT INSURANCE COMPANY'S**

**AMENDED ANSWER**

Defendant Berkshire Hathaway Direct Insurance Company ("Defendant") files this Amended Answer to Plaintiff Teksek Systems, LLC's ("Plaintiff") Original Petition as follows:

**I. DISCOVERY**

1.      In response to Paragraph 1, Defendant denies that discovery in this action is controlled by the Texas Rules of Civil Procedure. Discovery is governed by the Federal Rules of Civil Procedure in this Court.

**II. PARTIES**

2.      In response to Paragraph 2, Defendant is without knowledge or information sufficient to form a belief as to the residence of Plaintiff.

3.      In response to Paragraph 3, Defendant admits the information in the paragraph is correct.

---

[1] The Texas Secretary of State shows the name of Plaintiff as Teksec Systems LLC, so the proper spelling of the Plaintiff is unknown.

**III. JURISDICTION & VENUE**

4.    In response to Paragraph 4, Defendant denies that the 404th District Court in Cameron County, Texas has jurisdiction over this case or that the 404th District Court is the proper venue to handle this dispute. Defendant does not dispute the insured property is situated in Cameron County, Texas.

**IV. FACTS**

5.    In response to Paragraph 5, Defendant admits it issued an insurance policy bearing policy number N9BP724643 (the "Policy") to Plaintiff.

6.    In response to Paragraph 6, Defendant is without knowledge or information sufficient to form a belief regarding Plaintiff's ownership of the property located at 1455 International Blvd., Brownsville, Texas 78520 (the "Property").

7.    In response to Paragraph 7, Defendant admits the information in the paragraph is correct.

8.    In response to Paragraph 8, Defendant is without knowledge or information sufficient to form a belief as to the allegations therein, and therefore denies them.

9.    In response to Paragraph 9, Defendant admits Plaintiff submitted claims to the Defendant under the Policy for damages allegedly occurring as a result of a storm taking place on June 5, 2023, and requested Defendant cover the costs of these repairs pursuant to the Policy. Defendant denies any covered loss occurred and denies the remaining allegations in this paragraph.

10.    In response to Paragraph 10, Defendant admits Plaintiff reported a claim under the Policy. Defendant denies the remaining allegations in this paragraph.

11.    In response to Paragraph 11, Defendant admits it has not issued payment to Plaintiff under the Policy, however Defendant denies the alleged damages are covered under the Policy.

2

12.     In response to Paragraph 12, Defendant admits it received correspondence from Plaintiff demanding payment under the Policy, and Defendant has not issued payment under the Policy. Defendant denies the remaining allegations contained therein.

13.     In response to Paragraph 13, Defendant denies the allegations contained therein.

14.     In response to Paragraph 14, Defendant denies the allegations contained therein.

15.     In response to Paragraph 15, Defendant denies the allegations contained therein.

16.     In response to Paragraph 16, Defendant denies the allegations contained therein.

17.     In response to Paragraph 17, Defendant denies the allegations contained therein.

18.     In response to Paragraph 18, Defendant denies the allegations contained therein.

19.     In response to Paragraph 19, Defendant denies the allegations contained therein.

20.     In response to Paragraph 20, Defendant denies the allegations contained therein.

21.     In response to Paragraph 21, Defendant denies the allegation as phrased. Defendant admits Plaintiff has retained counsel to represent her in connection with this lawsuit.

## V. CAUSES OF ACTION

### Causes of Action Against Defendant Berkshire

22.     In response to Paragraph 22, Defendant denies the allegations contained therein.

### Breach of Contract

23.     In response to Paragraph 23, Defendant denies the allegation contained therein.

24.     In response to Paragraph 24, Defendant denies the allegations contained therein.

### Noncompliance with Texas Insurance Code: Unfair Settlement Practices

25.     In response to Paragraph 25, Defendant denies the allegations contained therein.

26.     In response to Paragraph 26, Defendant denies the allegations contained therein.

27.     In response to Paragraph 27, Defendant denies the allegations contained therein.

28.     In response to Paragraph 28, Defendant denies the allegations contained therein.

95581\328607845.v1

**Noncompliance with Texas Insurance Code: The Prompt Payment of Claims**

29.    In response to Paragraph 29, Defendant denies the allegations contained therein.

30.    In response to Paragraph 30, Defendant denies the allegations contained therein.

**Breach of the Duty of Good Faith and Fair Dealing**

31.    In response to Paragraph 31, Defendant denies the allegations contained therein.

32.    In response to Paragraph 32, Defendant denies the allegations contained therein.

**Fraud**

33.    In response to Paragraph 33, Defendant denies the allegations contained therein.

34.    In response to Paragraph 34, Defendant denies the allegations contained therein.

35.    In response to Paragraph 35, Defendant denies the allegations contained therein.

**Knowledge**

36.    In response to Paragraph 36, Defendant denies the allegations contained therein.

**VI. DAMAGES**

37.    In response to Paragraph 37, Defendant denies the allegations contained therein.

38.    In response to Paragraph 38, Defendant admits the Property experienced unaddressed damage for an extended period of time that contributed to further damage to the Property. Defendant denies it mishandled Plaintiff's claim, failed to address covered damage, contributed to further damage, or otherwise caused the alleged damages. Defendant is without knowledge or information sufficient to form a belief as to whether the alleged damages have been addressed or repaired to date, and therefore denies the allegation that the alleged damages have not been addressed or repaired to date.

39.    In response to Paragraph 39, Defendant denies the allegations contained therein.

40.    In response to Paragraph 40, Defendant denies the allegations contained therein.

41.    In response to Paragraph 41, Defendant denies the allegations contained therein.

4

95581\328607845.v1

42.     In response to Paragraph 42, Defendant denies the allegations contained therein.

43.     In response to Paragraph 43, Defendant denies the allegations contained therein.

44.     In response to Paragraph 45, Defendant denies the allegations contained therein.

45.     In response to Paragraph 46, Defendant denies the allegations contained therein.

46.     In response to Paragraph 47, Defendant denies the allegations contained therein.

47.     In response to Paragraph 41, Defendant denies the allegations contained therein.

48.     In response to Paragraph 48, Defendant denies the allegations contained therein.

49.     In response to Paragraph 49, Defendant denies the allegations contained therein.

## PRAYER

50.     In response to the paragraph titled Prayer, Defendant denies the allegations contained therein.

## AFFIRMATIVE DEFENSES

In response to the allegations in Plaintiff's Original Petition, Defendant asserts the following affirmative defenses:

### I.      FIRST AFFIRMATIVE DEFENSE

### Failure of Proof / Failure to Meet Burden on Existence and Amount of Covered Loss

Plaintiff's claims are barred, in whole or in part, because it cannot meet its burden to prove (a) that the claimed losses are covered under the Policy and (b) the reasonable and necessary amount of any covered damages.

### II.      SECOND AFFIRMATIVE DEFENSE

### Failure to Comply with Policy Conditions

Plaintiff's claims are barred, in whole or in part, because Plaintiff failed to comply with the Policy's Duties in the Event of Loss, thereby impairing Defendant's ability to investigate, evaluate causation, and adjust the loss.  Specifically, the Policy requires for the insured to:

5

(2)   Give us prompt notice of the loss or damage.  Include a description of the property involved. However, with respect to loss or damage in the state of Texas caused by windstorm or hail in the catastrophe area as defined by the Texas Insurance Code, any claim must be filed with us not later than one year after the date of the loss or damage that is the subject of the claim, except that a claim may be filed after the first anniversary of the date of the loss or damage for good cause shown by the person filing the claim. Send us a signed, sworn proof of loss containing the information we request to investigate the claim.

(3)   As soon as possible, give us a description of how, when, and where the loss or damage occurred.

(4)   Take all reasonable steps to protect the Covered Property from further damage and keep record of your expenses necessary to protect the Covered Property, for consideration of the settlement of the claim.

(5)   At our request, give us complete inventories of the damaged and undamaged property. Include quantities, costs, values and amount of loss claimed.

(6)   As often as may be reasonably required, permit us to inspect the property proving the loss or and examine your books and records.

(7)   Send us a signed, sworn proof of loss containing the information we request to investigate the claim.  You must do this within 91 days after our request. We will supply you with the necessary forms.

Defendant refers to the Policy, which as a written document is the best evidence of its terms, conditions, limitations and exclusion and pleads as copied herein *in extenso*. On information and belief, Plaintiff reported a claim to Defendant on March 7, 2024 for certain damages at the property that began on June 5, 2023.  The reported damages were interior water damages from a suspected roof leak, LED signs located on the exterior of the building, roof and certain other exterior damages, and business personal property.  However, the business personal property was discarded prior to Plaintiff notifying Defendant, preventing Defendant from evaluating.  On information and belief, the roof was not covered once the interior leaks were observed to prevent further damage; rather, the business personal property was moved to different locations in the

6

building.  These facts support a finding that Plaintiff failed to comply with its duties as required under the Policy.

### III. THIRD AFFIRMATIVE DEFENSE

### <u>Policy Exclusions</u>

Plaintiff's claim for damages is barred, in whole or in part, because exclusions within the Policy preclude coverage of claimed damages, including coverage of damage caused by neglect, negligent work, wear and tear, deterioration, and/or continuous or repeated seepage of water. Specifically, the Policy provides the following exclusions:

**2.** We will not pay for loss or damage caused by or resulting from any of the following:

***

**k.** **Neglect**

Neglect of an insured to use all reasonable means to save and preserve property from further damage at and after the time of loss.

***

**l.** **Other Types Of Loss**

**(1)** Wear and tear;

**(2)** Rust or other corrosion, decay, deterioration, hidden or latent defect or any quality in property that causes it to damage or destroy itself;

**(3)** Smog;

**(4)** Settling, cracking, shrinking or expansion;

**(5)** Nesting or infestation, or discharge or release of waste products or secretions, by insects, birds, rodents or other animals;

**(6)** Mechanical breakdown, including rupture or bursting caused by centrifugal force.

This exclusion does not apply with respect to the breakdown of "computer(s)";

7

95581\328607845.v1

**(7)** The following causes of loss to personal property:

**(a)** Dampness or dryness of atmosphere;

**(b)** Changes in or extremes of temperature; or

**(c)** Marring or scratching.

But if an excluded cause of loss that is listed in Paragraphs **(1)** through **(7)** above results in a "specified cause of loss" or building glass breakage, we will pay for the loss or damage caused by that "specified cause of loss" or building glass breakage.

\*\*\*

**p.**   **Continuous Or Repeated Seepage Or Leakage Of Water**

Continuous or repeated seepage or leakage of water, or the presence or condensation of humidity, moisture or vapor, that occurs over a period of 14 days or more.

\*\*\*

**3.**   We will not pay for loss or damage caused by or resulting from any of the following Paragraphs **a.** through **c.** But if an excluded cause of loss that is listed in Paragraphs a. through c. results in a Covered Cause of Loss, we will pay for the loss or damage caused by that Covered Cause of Loss.

**c.**   **Negligent Work**

Faulty, inadequate or defective:

**(1)**   Planning, zoning, development, surveying, siting;

**(2)**   Design, specifications, workmanship, repair, construction, renovation, remodeling, grading, compaction;

**(3)**   Materials used in repair, construction, renovation or remodeling; or

**(4)**   Maintenance;

of part or all of any property on or off the described premises.

8

95581\328607845.v1

## IV. FOURTH AFFIRMATIVE DEFENSE

### Failure to Mitigate Damages

Plaintiff's recovery is barred or reduced to the extent Plaintiff failed to mitigate damages as required under the Policy and/or Texas law, including with respect to the alleged business personal property damages.  Any additional damages attributable to Plaintiff's delay or inaction is not recoverable. This defense is pled in the alternative and does not concede the existence of a covered loss.

## V. FIFTH AFFIRMATIVE DEFENSE

### Late Notice/Failure to Provide Timely Notice

Plaintiff's claims are barred, in whole or in part, because Plaintiff failed to provide notice of the alleged loss/claim in the manner and within the time required by the Policy's notice provisions, thereby prejudicing Defendant's ability to promptly investigate the claim, evaluate causation, and adjust the loss. To the extent Texas law requires a showing of prejudice for late notice, Defendant affirmatively pleads and will prove that it was prejudiced by Plaintiff's delay, including by impairment of Defendant's ability to inspect the Property and evaluate the cause, scope, and amount of any alleged damage.

## VI. SIXTH AFFIRMATIVE DEFENSE

### Failure to Mitigate/Avoidable Consequences

Plaintiff's recovery, if any, is barred or reduced to the extent Plaintiff failed to take reasonable steps to protect the Property and prevent additional damage after the alleged June 5, 2023 storm, and to the extent such failure caused or contributed to additional damage beyond the alleged initial loss.  This defense is pled in the alternative and does not concede the existence of a covered loss.

9

## VII. SEVENTH AFFIRMATIVE DEFENSE

### Failure to Preserve Damaged Property/Impairment of Inspection

Plaintiff's claims are barred, in whole or in part, to the extent Plaintiff failed to comply with the Policy's post-loss duties requiring cooperation and preservation of damaged property for inspection (including by discarding, altering, or failing to preserve damaged items before Defendant had a reasonable opportunity to inspect), thereby prejudicing Defendant's ability to investigate, evaluate causation, and determine the amount of loss. Defendant further pleads that it has not waived, and is not estopped from asserting, these Policy conditions. *Yeager v. St. Paul Fire & Marine Ins. Co.*, 166 S.W.2d 939 (Tex. Civ. App. 1942).

## VIII.   EIGHTH AFFIRMATIVE DEFENSE

### Wear and Tear/Deterioration/Seepage-Exclusion

Plaintiff's claims are barred, in whole or in part, because the damages claimed were caused by excluded perils, including wear and tear, deterioration, and/or continuous or repeated seepage of water, rather than a covered cause of loss. S*tate Farm Lloyds v. Page,* 315 S.W.3d 525 (Tex. 2010). Defendant pleads this exclusion as an avoidance/affirmative defense on which it bears the burden of proof, and Defendant will show the exclusion applies as written and is not subject to strict construction against Defendant absent a genuine ambiguity. Tex. Ins. Code § 554.002, *Canutillo Indep. Sch. Dist. v. Nat'l Union Fire Ins. Co.*, 99 F.3d 695 (5th Cir. 1996).

## IX.     NINTH AFFIRMATIVE DEFENSE

### Deductible/Coverage Limits

Plaintiff's claims for damages, if any, is limited by the Policy's applicable deductible and coverage limitations.  This defense is pled in the alternative and does not concede the existence of a covered loss.

95581\328607845.v1

## X.    TENTH AFFIRMATIVE DEFENSE

### Alternative Defenses; No Admission of Coverage

Defendant's affirmative defenses, including mitigation and compliance-with-conditions defenses, are pleaded in the alternative and do not constitute an admission that any covered loss occurred or that any benefits are owed under the Policy.

## XI.    ELEVENTH DEFENSE

### Liability Not "Reasonably Clear"/*Bona Fide* Controversy

As to Plaintiff's claims alleging bad faith against Defendant, a *bona fide* controversy existed and continues to exist concerning the scope and amount of the allegedly covered loss and Plaintiff's entitlement to insurance benefits under the policy. Defendant possesses the right to investigate questionable claims without losing bad faith liability.

## PRAYER

**WHEREFORE**, Defendant Berkshire Hathaway Direct Insurance Company prays that, after due proceedings are had, that a judgment be rendered that Plaintiff takes nothing, that the complaint be dismissed with prejudice, and for all other relief to which they may be entitled in law or equity.

11

95581\328607845.v1

Date:  March 19, 2026

Respectfully submitted,

HINSHAW & CULBERTSON LLP

/s/ *Tessa Vorhaben*

Tessa Vorhaben
Texas Bar No. 24147772
tvorhaben@hinshawlaw.com
Telephone: 504-438-1566
Facsimile:  504-617-7897
Brady L. Taylor
State Bar No. FL1049723
btaylor@hinshawlaw.com
Telephone: 305-938-8465
Facsimile: 305-577-1063
Christopher "Kipper" Burke
Texas Bar No. 00793430
kipperburke@hinshawlaw.com
Telephone: 346-344-4503
Facsimile:  346-330-5010
5151 San Felipe Street, Suite 1380
Houston, Texas 77056

*Attorneys for Defendant Berkshire Hathaway Direct Insurance Company*

12

95581\328607845.v1

13

**<u>CERTIFICATE OF SERVICE</u>**

A true and correct copy of this document was served on March 19, 2026 as follows:

Larry W. Lawrence, Jr.
Michael Lawrence
Celeste Guerra
Lory Pawlak
LAWRENCE LAW FIRM
3112 Windsor Road, Suite A234
Austin, Texas 78703
lawrencefirm@gmail.com
celesteguerralaw2017@gmail.com
lory.lawrencefirm@gmail.com

*/s/ Tessa Vorhaben*
Tessa Vorhaben

13

95581\328607845.v1